ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 2 5 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MS. JANE KIDD, ANDREA SUAREZ, DR. MURRAY BLUM, AND ANN BLUM, <br><br> Plaintiffs, <br><br> v. <br><br> CATHY COX, individually and in her official capacities as Secretary of State of Georgia and Chair of the Georgia Elections Board, <br><br> Defendant. | CIVIL ACTION FILE NO. _____ <br> 1:06-CV-0997 BBM |

## EMERGENCY MOTION TO CONVENE A THREE-JUDGE COURT

Plaintiffs respectfully move this Court to convene a three-judge district court as required by 28 U.S.C. § 2284, to hear and determine plaintiffs' suit to have the Georgia statute passed as SB 386, which reapportions all 56 seats in the Georgia State Senate, a "statewide legislative body," declared unconstitutional, and to enjoin its application and enforcement in the qualifying of candidates which began on Monday, April 24, 2006, and closes on Friday, April 28, 2006, and in the primary and general elections, which are now scheduled for July 18, 2006, and

134489                                         1

November 7, 2006. SB 386 purports to amend the reapportionment plan established by this Court in *Larios v. Cox*, 300 F. Supp.2d 1320, *aff'd* 542 U.S. 947 (2004), and in doing so, SB 386 violates the very principles that compelled the Court in *Larios* to hold Georgia's previous apportionment of both the House and Senate unconstitutional. Specifically, SB 386 (1) fails to create senate districts as nearly equal in population as is practicable in violation of the equal protection clauses of the Fourteenth Amendment to the United States Constitution, Article I, § 1, ¶ 2 of the Georgia Constitution, 42 U.S.C. §§ 1983 and 1988; (2) has the purpose and effect of unlawfully burdening the associational and representational rights of Democratic voters residing in Clarke County based on their political viewpoints, as reflected by their past voting behavior and patterns, in violation of the First and Fourteenth Amendments to the United States Constitution, Article I, § 1, ¶¶ 5 and 9 of the Georgia Constitution, 42 U.S.C .§§ 1983 and 1988; and (3) violates Article III, § 2, ¶ 2 of the Georgia Constitution, which provides that the apportionment of the Legislature shall be changed only "*as necessary* after each United States decennial census" (emphasis added).

## This Case Requires Emergency Treatment By A Three-Judge Panel

### A. SB 386 was adopted at the last minute, just before candidates for state office must qualify

This year, any person who wishes to be a candidate for state office in Georgia must qualify as a candidate between 9:00 am on Monday April 24, and 12:00 noon on Friday, April 28.

On January 31, 2006, the Republican-majority of the Georgia General Assembly adopted SB 386. Republican Governor Sonny Perdue waited more than a month before signing the bill on March 1, 2006. Section 5 of the Voting Rights Act of 1965 required that SB 386 be pre-cleared by the Justice Department prior to its becoming law. The Justice Department waited until this past Thursday, April 20, 2006 – two business days before the start of candidate qualifying for the July 18 primary – before granting pre-clearance under Section 5 of the Voting Rights Act.

Because qualifying ends on Friday April 28, 2006, this case requires immediate and urgent attention as candidates who might have qualified to run for election to the Senate from the valid districts established by the *Larios* Court may be deterred from qualifying because the gerrymandered districts created by the General Assembly's Republican majority in the 2006 statute may make it unlikely that these potential candidates could be elected from the new districts.

B.  **A three judge panel is required under 28 U.S.C. § 2284 because SB 386 reapportions a statewide legislative body**

Pursuant to 28 U.S.C. § 2284, a three-judge panel "shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of . . . any statewide legislative body." SB 386 is "an apportionment of [a] statewide legislative body," namely the Georgia State Senate. Additionally, SB 386 apportioned all 56 districts as a matter of *statute*, by incorporating by reference, 53 of the 56 districts set forth in the Order of the United States District Court in *Larios v. Cox* (N.D.Ga. Civil Action No. 1:03-CV-693-CAP) dated April 30, 2004, and drawing new district lines for three other Senate districts (Districts 46, 47 and 49) in an unconstitutional manner. SB 386 provides in pertinent part as follows:

> Except as otherwise provided in this paragraph, the districts for Senate Districts 1 through 56 shall continue to be those districts as provided in the order of the United States District Court in the case of Larios v. Cox. On and after January 1, 2007, Senate Districts 46, 47, and 49 shall be as described in this paragraph and further identified 'Plan Name: SFCamd47p2 Plan Type: Senate user: Blake Administrator: S047', which report is attached to the 2006 Act amending this Code section and is made a part of that Act and this paragraph.

C.  **SB 386 is an unconstitutional and invalid attempt to amend the plan entered by a three-judge panel of this Court in the case of *Larios v. Cox***

On February 10, 2004, a three-judge panel of this Court struck down as unconstitutional the senate district plan created by the state of Georgia in 2002 because that plan failed to create districts as nearly equal in population as

134489                                                         4

practicable. *Larios v. Cox*, 300 F. Supp. 2d 1320, 1356, *aff'd* 542 U.S. 947 (2004).

Additionally, in an unpublished March 24, 2004 Order, the three-judge panel in *Larios*, issued an order adopting an interim legislative district plan for the State of Georgia ("the Federal Court plan"). In its March 24, 2004 Order, and in an subsequent explanatory Order, the *Larios* Court also ruled that the Federal Court plan complied with the Constitution and all other legal requirements. This Federal Court plan governed the 2004 elections for the Georgia Senate.

In 2006, the Republican majority in the General Assembly adopted SB 386, which adopted most of the Federal Court plan, but modified it with regard to three districts in and around Athens, Georgia. Specifically, SB 386 modified Senate Districts 46, 47 and 49, principally by splitting Athens-Clarke County between two districts.

To the extent that SB 386 amended the Court's Senate District plan, it also violated each and every principle embodied in the Court's February 10, 2004 opinion in *Larios*. SB 386 is therefore unconstitutional, inconsistent with orders of this Court, and is null and void.

### 1. SB 386 fails to create districts as nearly equal in population as practicable.

As detailed in the plaintiffs' complaint, SB 386 fails to create districts that are as nearly equal in population as practicable. As the Court in *Larios* stated, in

reapportioning a state legislature, the Constitution requires that the State of Georgia "make an honest and good faith effort to construct districts . . . as nearly of equal population as is practicable." *Larios*, 300 F. Supp.2d at 1339 (*quoting Reynolds v. Sims*, 377 U.S. 533, 577 (1964)).

In adopting SB 386, the Republican majority in the General Assembly did not make such an effort. In fact, the districts created by SB 386 are *less equal* than the districts in the Court's plan.

In addition, the Republican-dominated House Reapportionment Committee rejected, by a straight party-line vote, an alternative plan (the "FairMadison Plan") that would have created districts with smaller population deviations than SB 386.[1]

Thus, the Republican-majority in the General Assembly was faced with

---

[1] Based upon reports from the Legislative Reapportionment Office, the specific population deviations of the three plans are as follows:

|  | Court's Plan | FairMadison Plan | SB 386 |
|---|---|---|---|
| Difference in population between the largest and smallest district, or "Absolute Overall Range" (# of persons) | 1,653 | 1,1715 | 2,381 |
| Total population deviation as a percentage of the ideal district, or "Relative Overall Range." | 1.13% | 1.17% | 1.63% |

three options: the Court's plan, the FairMadison plan, and SB 386. The majority selected the least equal.

### 2. The population deviations in SB 386 are not justified by any legitimate state interests.

The population deviations in SB 386 are not justified by any of the legitimate state interests that the Court in *Larios* identified as interests that may justify such deviations. As this Court stated in *Larios*, "deviations from exact population equality may be allowed in some instances in order to further legitimate state interests such as making districts compact and contiguous, respecting political subdivisions, maintaining the cores of prior districts and avoiding incumbent pairings." *Larios*, 300 F. Supp.2d at 1337.

The population deviations that would result from SB 386 are not justified by any of these interests, and indeed, SB 386 affirmatively harms them. Initially, there is no possibility that SB 386 was *required* in order to serve any interest identified by this Court. Indeed, in its March 24, 2004 Order, the *Larios* Court determined that the Court's plan (which was in place when SB 386 was adopted) sufficiently addressed all of the constitutional and legal issues, and abided by the interests attendant to reapportionment, including both the general interests and those specific to the State of Georgia.

In addition, not only was SB 386 not required in order to serve legitimate

state interests, but SB 386 trampled them. For example, under SB 386, Athens-Clarke County, geographically the smallest county in Georgia, is divided for the first time in its history; an additional precinct is divided; the "core" of the Senate District that was centered on the City of Athens for decades is destroyed; and, in addition to the County and City of Athens, many other communities of interest are divided, including the University of Georgia's campus, multiple municipal political and educational districts and two State House Districts.

   3.   **The purpose of SB 386 is to divide Athens-Clarke County in order to dilute the power and influence of Clarke County voters who traditionally vote Democratic.**

As detailed in the plaintiffs' complaint, SB 386 was adopted in response to a very particular set of political facts that jeopardized the Republican party's hold on Senate District 46, and the Republican majority in the General Assembly adopted the bill in order to make it easier for a Republican to be elected in that district. Specifically, District 46 was a very competitive district, with the current Republican incumbent, Brian Kemp, having received less than 52% of the vote in 2004. The surrounding districts have huge Republican majorities.[2] District 46 is competitive because it contains all of Athens-Clarke County, whose voters vote for

---

[2]   For example, in 2004, the incumbent Republican Senators in Districts 47 and 49 received 71% and 100% of the vote, respectively.

Democratic candidates far more frequently than voters in the surrounding areas.

As the Court in *Larios* recognized, sophisticated political performance data is available to legislators in the redistricting process, and is used by the legislators to analyze districts politically as the districts are created. 300 F. Supp.2d at 1324. Using this sophisticated data, the Republican majority in the General Assembly determined that if it split Athens-Clarke County between two districts, it could dilute the voting strength of the traditionally democratic voters in that county and eliminate the competitiveness in District 46, without losing the large Republican majorities in the surrounding districts.

As the Court in *Larios* explained, this purely partisan purpose cannot justify SB 386's population deviations because "the Supreme Court has never sanctioned partisan advantage as a legitimate justification for population deviations." 300 F. Supp.2d at 1351.

### D. This case is related to *Larios*, and should be heard by that same three-judge Court

In its April 30, 2004 Order entering final judgment, the Court in *Larios* expressly retained jurisdiction of its interim plan. Specifically, the Court stated, "[T]he clerk may enter final judgment. However, the court will retain jurisdiction of this action for such other and further orders as may be necessary." This case and *Larios*, are "related cases" under Rule 905-2(a)(2) of this Court's Internal

Operating Procedures, for two reasons: (a) the 2006 statute expressly incorporated by reference the boundaries of 53 of the 56 State Senate Districts set forth in the order of the *Larios* Court, and redrew the boundaries of three other districts in a manner that flies directly in the face of the ruling of the three-judge Court in *Larios*; and (b) if, as plaintiffs contend, the 2006 statute is unconstitutional, then it follows that the reapportionment plan imposed by the *Larios* Court remains in effect and governs the qualifying for and conduct of the 2006 elections.

Plaintiffs essentially seek a ruling that the orders of the *Larios* Court remain in effect. However, if the Court believes that these cases are not related, plaintiffs request that a new three-judge panel be convened immediately, as required by 28 U.S.C. § 2284.

### E. Urgent Action is Required

The case requires urgent action on the part of the Court because SB 386 was only pre-cleared by the Justice Department on Thursday April 20, 2006 (the same day that plaintiffs filed a motion to intervene in the *Larios* case), and qualifying for all state elections began yesterday, April 24, 2006, and will close four days from today, on Friday, April 28, 2006.

WHEREFORE, plaintiffs respectfully pray that their emergency motion to convene a three-judge district court pursuant to 28 USC § 2284 be granted, and that a hearing be scheduled by that court on plaintiffs' Motion for a Preliminary Injunction prior to the close of qualifying on Friday, April 28, 2006.

This 25th day of April, 2006.

Respectfully submitted,

Emmet J. Bondurant
Georgia Bar No. 066900
David G.H. Brackett
Georgia Bar No. 068353
Jason J. Carter
Georgia Bar No. 141669

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-4100
Facsimile: 404-881-4111
E-mail: bondurant@bmelaw.com
brackett@bmelaw.com
carter@bmelaw.com *Attorneys for Plaintiffs*