IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANE KIDD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO. 1:06-CV-0997- BBM |
| v. | ) | (Three-Judge Court) |
| | ) | |
| CATHY COX, in her official | ) | |
| capacities as Secretary of State and | ) | |
| Chair of the State Election Board, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE IN OPPOSITION TO**
<u>**EMERGENCY MOTION TO CONVENE A THREE-JUDGE COURT**</u>

**COMES NOW** Cathy Cox, Secretary of State, Defendant in the above-styled action, by and through Counsel Thurbert E. Baker, Attorney General for the State of Georgia, and makes this her response in opposition to the Plaintiffs' Emergency Motion to Convene a Three-Judge Court, filed with this Court on April 26, 2006, by showing and stating the following:

### A. <u>STATEMENT OF THE CASE</u>

On March 1, 2006, the Governor of Georgia signed into law S.B. 386 (Act No. 436), which provides for changes in the district lines for Georgia State Senate districts 46, 47 and 49 only. A copy of that Act is attached to the Defendant's Response in Opposition to the Plaintiffs' Motion for a Preliminary

Injunction as Exhibit A, and is incorporated herein by reference. By letter dated April 20, 2006, the United States Attorney General, through the U.S. Department of Justice, precleared those limited redistricting changes under Section 5 of the Voting Rights Act of 1965, as amended. A copy of that letter is also attached to the Defendant's Response in Opposition to the Motion for a Preliminary Injunction as Exhibit B and is also incorporated by reference in this response.

On the date of this preclearance, the Plaintiffs initially filed a "Motion to Intervene as Plaintiffs and Brief in Support" in the case of *Larios et al. v. Cox,* Civil Action No. 1:03-CV-693-CAP (N.D. Ga.). *Larios* was a Three-Judge Court case that considered challenges to the statewide congressional, House and Senate plans enacted by the General Assembly in 2001 and 2002. *See Larios v. Cox,* 300 F. Supp. 2d 1320 (N.D. Ga.), *aff'd,* 542 U.S. 947 (2004). While the challenges to the Georgia congressional plan were rejected, the Three-Judge court there eventually concluded that the House and Senate plans violated the constitutional principle of one-person/one vote and invalidated the State's plans. *Id.* After allowing the General Assembly the opportunity to draw its own plans, which it was unable to do, the *Larios* Court appointed a special master, who developed plans under the Court's supervision and those plans were ultimately imposed as the Court's remedial plans for use by the State. *Larios v. Cox*, 314 F. Supp. 2d 1357 (N.D. Ga. 2004). The *Larios* Court made clear, though, that these plans were

interim plans for use unless and until the General Assembly chose to enact any new plans. *Id.* at 1363-64.

After Plaintiffs moved to intervene in *Larios* on April 20, Judge Charles Pannell conducted a telephone conference with counsel in that case. Following that conference and the filing of this action, Plaintiffs withdrew their motion to intervene in *Larios*. Now Plaintiffs have requested the convening of a Three-Judge Court in the instant case. Pursuant to that request, the Court notified the Chief Judge of the Eleventh Circuit and a Three-Judge Court was constituted. (Docs. 4, 5). The Court has now requested a response to Emergency Motion to Convene a Three-Judge Court and this response is submitted in compliance with that April 26 order. (Doc. 6).

### B. ARGUMENT AND CITATION OF AUTHORITY

THE PLAINTIFFS HAVE ERRONEOUSLY MOVED FOR THE CONVENING OF A THREE-JUDGE COURT.

The sole foundation for the Plaintiffs' request for the convening of a three-Judge Court is their assertion that the adoption of S.B. 386 amending the district lines for Senate Districts 46, 47 and 49 actually constitutes the adoption of a statewide Senate redistricting plan, so as to invoke the provisions of 28 U.S.C. § 2284. This claim has no basis in law or fact and must be rejected.

This case is not one where the law permits the convening of a Three-Judge Court. Under 28 U.S.C. § 2284(a), the law provides that:

> A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

It is this latter provision in the statute, dealing with the "apportionment of any statewide legislative body" that is the basis for the Plaintiffs' request for the convening of a Three-Judge Court in this case. The convening of such a Court has in the past been required where the subject-matter of the case dealt with entire statewide legislative plans, such as in *Larios v. Cox*, *supra,* or as in *Johnson v. Miller*, 864 F. Supp. 1354 (S.D. Ga. 1994), *aff'd, Miller v. Johnson*, 515 U.S. 900 (1995), and *Johnson v. Miller*, 922 F. Supp. 1556 (S.D. Ga. 1995), *aff'd sub nom., Abrams v. Johnson*, 521 U.S. 74 (1997). However, when a redistricting plan is challenged that is less than statewide, the jurisdiction for convening a Three-Judge Court is not present. *See, e.g., White v. Regester*, 412 U.S. 755, 759-60 (1973); *Bodker v. Taylor,* 2002 U.S. Dist. LEXIS 27447 N.D. Ga. June 5, 2002) (Fulton County Commission Districts); *Markham v. Fulton County Bd. of Elections and Registrations*, 2002 U.S. Dist. LEXIS 27505 (N.D. Ga. May 29, 2002) (Fulton County Board of Education); *Smith v. Cobb County Bd. of Elections and*

*Registration*, 314 F. Supp. 2d 1274 (N.D. Ga. 2002) (Cobb County Board of Education).

Senate Bill 386, the limited Senate redistricting bill, was introduced in the Senate on January 9, 2006. *See* S.B. 386 Legislative History, *available at* http://www.legis.state.ga.us/legis/2005_06/sum/sb386.htm.[1] The bill was adopted by the Senate on January 12 and ultimately approved by the House on January 31, 2006. *Id*. The Governor signed the bill into law on March 1, 2006. *Id.*

Section One of the bill recognizes that the current Senate plan, under which elections are presently being held, is a remedial redistricting plan imposed by the *Larios* Court, stating:

> Except as otherwise provided in this paragraph, the districts for Senate Districts 1 through 56 shall <u>continue</u> to be those districts as provided in the order of the United States District Court in the case of Larios v. Cox. On and after January 1, 2007, Senate Districts 46, 47, and 49 shall be as described in this paragraph and further identified as 'Plan Name: SFCamd47p2 Plan Type: Senate User: Blake Administrator: S047', which report is attached to the 2006 Act amending this Code section and is made a part of that Act and this paragraph.

*See* http://www.legis.state.ga.us/legis/2005_06/fulltext/sb386.htm (emphasis added). This language recognizes that the statewide Senate plan will "continue to

---

[1] The basic web page for the General Assembly is http://www.legis.state.ga.us/. By selecting "Legislation" and them inserting S.B. 386 in the search window, the history and text of the bill is available for review.

be those districts provided in . . . *Larios*.". No changes are made to the statewide plan imposed by the *Larios* Court.

Instead, the bill adopts modifications only to the three designated Senate districts (46, 47 and 49). In describing the limited changes made, the bill further provides:

> The first members of the Senate from Senate Districts 46, 47, and 49 elected pursuant to paragraph (2) of this subsection shall be those who are elected to take office on the convening date of the regular session of the General Assembly in 2007. Until that time the members of the Senate elected from Senate Districts 46, 47, and 49 under the interim court order in the case of Larios v. Cox shall continue to serve and shall represent the districts from which elected; and until that time the composition of the districts from which such members were elected shall remain the same.

*Id*. Section 2 of the bill goes further and repeals the prior 2002 Senate plan adopted by the General Assembly in recognition of the *Larios* invalidation of that former plan. *Id*.

The plan and individual district descriptions included in S.B. 386 are only those for Senate Districts 46, 47 and 49, as listed in Section 4 of the bill under Plan Name SFCamd47p2. *Id.* There is no plan description for a statewide plan contained within the bill because no such statewide adoption of the *Larios* plan has ever been passed or codified by the General Assembly.

Without the description of an entire plan, there can be no adoption of such a statewide plan. *See* O.C.G.A. §§ 28-2-1; 28-2-2. Such a complete description by Census geography, including designations by county, district, tract and block group designations, is required in order to describe the plan being adopted by the General Assembly. *Id.* A review of the legislation adopting statewide Senate plans over the past decade demonstrates this is exactly how the Georgia General Assembly adopts a statewide plan. *See* 2002 Ga. Laws 149, 2001 Ga. Laws 1st Ex. Sess. 2, 1997 Ga. Laws 163, 1995 Ga. Laws 6; 1992 Ga. Laws 693, 1991 Ga. Laws Ex. Sess. 124. Each and every one of these adopted statewide plans has a full and complete description of every district in the plan and the geography assigned to it.

When the General Assembly makes limited changes to individual districts within the Senate plan, it follows the method used in S.B. 386: individual districts are identified and are separately geographically described. *See, e.g.,* 2000 Ga. Laws 1676 (Changes in Senate Districts 33 and 37); 1999 Ga. Laws 42 (Changes in Senate Districts 1, 2, 34 and 44); 1998 Ga. Laws 21 (Changes to Senate Districts 3 and 6); 1994 Ga. Laws 174, 180 (Changes to Senate Districts 5, 10, 11, 13, 28, 29, 33, 37, 38, 41, 42, 43 and 55); 1993 Ga. Laws 863, 893 (Changes to Senate Districts 21, 32, 33, 37, 42, 48, 53, 54 and 56). Each of these bills, just like S.B. 386, makes changes only to the numbered districts and does not adopt or affect the statewide Senate plan.

It is an absolute that the Georgia General Assembly is aware of how to adopt and codify statewide reapportionment plans and, conversely, how to make changes to individual districts within a statewide plan. Here S.B. 386, in accordance with the long-standing practice of the legislature, follows the exact same pattern in these listed Acts for other limited redistricting actions.

Additionally the materials presented to the legislative committees during the consideration of S.B. 386, including the maps and statistics that were considered, all demonstrate that this bill did nothing more than make changes to three individual Senate districts. *See* Plaintiffs' Exhibit B to their Motion for a Preliminary Injunction (Section 5 submission for S.B.386) at pp. 23-24, 27-33. Finally, in granting preclearance to S.B. 386, the U.S. Department of Justice recognized that the bill provided for only a limited redistricting of the three Senate districts. Defendant's Exhibit B to Response in Opposition to Request for a Preliminary Injunction. There was no submission of, consideration of or preclearance of a statewide plan by the U.S. Department of Justice in its Section 5 review.

Given this, there is no question that the adoption of a statewide plan, as suggested by the Plaintiffs, did not occur. Without the adoption of a statewide plan, there is no basis under 28 U.S. C. § 2284(a) for the convening of a Three-Judge Court.

# CONCLUSION

**WHEREFORE**, for all of the above and foregoing reasons, the Plaintiffs' Request to Convene a Three-Judge Court should be denied.

Respectfully submitted,

THURBERT E. BAKER
Attorney General of the State of Georgia
Georgia Bar No. 033887

.

/s/ Dennis R. Dunn
DENNIS R. DUNN
Deputy Attorney General
Georgia Bar No. 234098
dennis.dunn@law.state.ga.us

State Law Department
132 State Judicial Building
40 Capitol Square, S.W
Atlanta, GA  30334-1300
Telephone (404) 656-5614
Facsimile (404) 657-9932
dennis.dunn@law.state.ga.us

## Local Rule 7.1D Certification

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

/s/ Dennis R. Dunn
DENNIS R. DUNN

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **RESPONSE IN OPPOSITION TO THE MOTION TO CONVENE A THREE-JUDGE COURT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification or otherwise:

>Emmet J. Bondurant, Esq.
>David G.H. Brackett
>Jason J. Carter
>Bondurant, Mixson & Elmore, LLP
>3900 One Atlantic Center
>1201 West Peachtree Street
>Atlanta, GA 30309

This 27th day of April, 2006.

>/s/ Dennis R. Dunn
>DENNIS R. DUNN
>Deputy Attorney General
>Georgia Bar No. 234098
>dennis.dunn@law.state.ga.us