IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANE KIDD, ANDREA SUAREZ, DR. MURRAY BLUM, and ANN BLUM, | ) ) ) ) ) | |
| Plaintiffs | ) ) | Civil Action |
| versus | ) ) | No. 1:06-CV-0997 |
| CATHY COX, in her official capacities as Secretary of State of Georgia and Chair of the State Election Board | ) ) ) ) ) ) | |
| Defendant | ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO EMERGENCY MOTION TO CONVENE A THREE JUDGE COURT**

The Defendant's opposition brief misconstrues the federal statute requiring a three-judge panel, and the Georgia Statute, SB 386, that is the subject of this litigation.

**A.  Federal Law Requires a Three-Judge District Court Whenever the Legislative Body That is Reapportioned is a "Statewide Legislative Body," Such as the State Senate.**

The defendant's legal argument is flawed. The federal statute providing for a three-judge district court states that, "A district court of three judges shall be convened when . . . an action is filed challenging the constitutionality . . . of the apportionment of any statewide legislative body."

28 U.S.C. § 2284(a). Based upon the plain language of the statute, the operative fact in this inquiry is the "statewide" nature of the legislative body itself, and not, as the defendants would have it, the scope of the challenged apportionment. *See, e.g., Armour v. State of Ohio*, 925 F.2d 987, 989 (6th Cir. 1991) (requiring three judge court where plaintiffs challenged fragmentation in two State House districts).

This conclusion is further supported and explained by the legislative history of 28 U.S.C. § 2284. Section 2284 was amended in 1976 by PL 94-381. In that bill, Congress amended 2284 to (among other things) retain the three-judge district court for congressional or statewide legislative reapportionments (which were previously handled under 28 U.S.C. § 2281). The Senate Report on that bill explains that the purpose of the amendment was to distinguish between local bodies and statewide bodies as follows:

> The use of the term 'any statewide legislative body' is intended merely to reflect the application of the constitutional principles of representation announced in *Reynolds v. Sims*, 377 U.S. 533 (1964), to elected bodies which exercise 'general governmental powers over the entire area served by the body.' *Avery v. Midland County*, 390 U.S. 474, 485 (1968) (county commissioners); *Hadley v. Junior College District*, 397 U.S. 50 (1970) (board of trustees of school district). ***Where such a body exercises its powers over the entire State, this section requires that three judges hear cases challenging apportionment of its membership.*** Apportionment of a body which deals only with matters of local concern and representative of a county, district, or city, would not require three judges, even though the body

> derives its power from a State statute. Thus, under this section, three judges would not be required in a *Hadley* type case.

S. Rep. 94-204, 1976 U.S.C.C.A.N. 1988 at 2000.

This language represents a clear explanation from Congress distinguishing the cases cited by the defendant on pages 4 and 5 of their opposition brief that deal with county legislative bodies. *See, e.g.*, *Markham v. Fulton County Bd. Of Elections and Registrations*, 2002 U.S. Dist. Lexis 27505 (N.D. Ga. May 29, 2002) (reapportionment of Fulton County Board of Education).

Here, the plaintiffs challenge an apportionment of the Georgia State senate. Regardless of its scope, such an apportionment is "of any statewide legislative body." Thus, a three judge panel is required by 28 U.S.C. § 2284(a).

**B.   The Scope of SB 386 is Statewide**

Even if the geographic scope of the apportionment were relevant to the determination of whether a three-judge panel were required, this action would still necessitate such a panel because SB 386 is statewide in scope.

In addition to the provisions identified in plaintiffs' emergency motion, in which SB 386 provides, as a matter of statute, for the continuation of 53 districts created by the *Larios* Court, other provisions also show that SB 386 is statewide in scope. For example, SB 386 provides that

there shall be 56 members of the senate, and that each district shall be represented by one senator. SB 386 § 1. This is a statewide action. As defendants point out, SB 386 *repeals* the statutory description of each and every senate district in the state. This is also statewide action.

The Defendants have pointed to no case or statute that *requires* the General Assembly to describe statewide apportionments in any particular way. The statutes that the defendant cites merely demonstrate one way in which a statewide plan may be created. There is no reason to conclude that this is the only way to create a statewide apportionment. Under the defendant's interpretation of "statewide," the legislature could forever avoid the convening of three-judge panel merely by adopting a series of apportionment schemes. Indeed, under the defendant's interpretation, the legislature could adopt two separate plans that each apportion one half of the state, and there would be no jurisdiction for a three judge court.

Here, the legislature repealed the only descriptions of senate districts in the Georgia code, and provided specifically that another plan will govern elections for the state senate in this state. Such action is statewide in scope.

This 27th day of April, 2006.

Respectfully submitted,

/s/ Emmet J. Bondurant
Emmet J. Bondurant
Georgia Bar No. 066900
David G.H. Brackett
Georgia Bar No. 068353
Jason J. Carter
Georgia Bar No. 141669

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia  30309
Telephone:  404-881-4100
Facsimile:   404-881-4111
E-mail:       bondurant@bmelaw.com
                   brackett@bmelaw.com
                   carter@bmelaw.com           *Attorneys for Plaintiffs*

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I certify that this Brief complies with the font and point selections set forth in Local Rule 5.1B.  This Brief has been prepared using Times New Roman font (14 point).

/s/ David G.H. Brackett
David G.H. Brackett
Georgia Bar No. 068353

# CERTIFICATE OF SERVICE

I, David G.H. Brackett, do hereby certify that I have this day electronically filed the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to opposing counsel as follows:

>Dennis R. Dunn, Esq.
>Department of Law
>State of Georgia
>40 Capitol Square, SW
>Atlanta, Georgia  30334
>E-mail: dennis.dunn@law.state.ga.us

This 26th day of April 2006.

/s/ David G.H. Brackett
David G.H. Brackett