IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE KIDD, ANDREA SUAREZ, ) <br> DR. MURRAY BLUM, ) <br> and ANN BLUM, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CATHY COX, in her official ) <br> capacities as Secretary of State of ) <br> Georgia and Chair of the State ) <br> Election Board ) <br> ) <br>     Defendant. ) | Civil Action <br> No. 1:06-CV-0997-BBM <br> (Three-Judge Panel) |

## PLAINTIFFS' BRIEF REGARDING THE STATE'S ABILITY TO MODIFY THE *LARIOS* PLAN

The State of Georgia faces three important limitations on its ability to alter or amend the interim reapportionment plan that was drawn by a special master appointed by a three-judge panel of this Court, reviewed, revised, and ultimately approved as constitutional by that court, and which was in effect in the last state-wide election in 2004. First, as the court that approved the plan made clear, the state is bound to act consistently with the court's opinion in *Larios v. Cox,* 300 F. Supp. 2d 1320, 1351 (N.D. Ga.), *aff'd*, 542 U.S. 947 (2004) . Second, the State

134673                                                   1

is bound by the limitations imposed by the United States Constitution, particularly the Fourteenth and First Amendments to the Constitution.  Third, the State is bound by its own constitutional requirements and limitations on reapportionment.

**Statement of Facts**

On February 10, 2004, a three judge panel of this Court issued an order declaring that the state of Georgia's State Senate apportionment plan violated the Fourteenth Amendment's Equal Protection Clause because the plan failed to construct districts as nearly equal in population as practicable.  *Larios*, 300 F. Supp. 2d at 1356.  After the Legislature failed to create a substitute plan, the *Larios* Court issued an order on March 24, 2004, adopting an "interim" senate district plan created by a Special Master (former Eleventh Circuit Judge Hatchett).  The *Larios* Court's plan complied with the Constitution and all other applicable laws.  There was no appeal from the March 24, 2004 Order, and the senate district plan ordered by the Court governed the 2004 election for the Georgia Senate.

In its April 30, 2004 Order, the *Larios* Court specifically retained jurisdiction of this action "for such other and further orders as may be necessary."

In its 2006 session, the Georgia General Assembly adopted the *Larios* plan for all but three state Senate districts (46,47, and 49) for which the State amended the district boundaries.  The plaintiffs have challenged the reapportionment of

these three Senate districts, and moved for preliminary injunction. A final hearing on the merits is scheduled for Tuesday, May 2, 2006. During a conference call between the Court and counsel on Thursday, April 27, 2006, the Court requested that the parties submit briefs addressing the power of the State to alter or amend the *Larios* Court plan.

## Argument

While the *Larios* court described its plan as "interim" and clearly anticipated that the General Assembly would, at some time, enact a new reapportionment plan, the State does not enjoy unfettered power to do so. Instead, the State of Georgia is limited by the United States Constitution, particularly the *Larios* Court's explanation of the application of the limitations imposed on Georgia's reapportionment efforts by the United States Constitution. In addition, the State is limited by its own constitutional requirements and limitations.

**I. The State is Limited by the United States Constitution in its Reapportionment Efforts.**

Obviously, the State may not replace the *Larios* Court's plan with a reapportionment plan that violates the United States Constitution. The *Larios* opinion provides the most recent precedential ruling for this court defining the requirements and limitations imposed by the United States Constitution, moreover. Indeed, in its April 30, 2004 Order, the *Larios* Court specifically retained

jurisdiction over the action to ensure that any further action by the defendants complied with the court's orders.

Thus, as the *Larios* Court made clear, the State must make any reapportionment plans "as nearly equal in population as practicable," and avoid violating the one person, one vote principle guaranteed by the equal protection clause of the United States Constitution. *See Larios,* 300 F. Supp. 2d at 1357-58.

Further, the State must comply with the First Amendment to the United States Constitution by refraining from imposing a burden on the representational rights of voters for reasons of ideology, beliefs or political association. *See Vieth v. Jubelirer*, 541 U.S. 267, 269 (2004).

## II. The State is also Limited by its Own Constitution.

The State is also limited by its own Constitution, which provides:

> The General Assembly shall apportion the Senate and House districts. Such districts shall be composed of contiguous territory. The apportionment of the Senate and House of representatives shall be changed by the General Assembly *as necessary after each United States decennial census*.

Ga. Const. Art 3, § 2, ¶ 2 (emphasis added).

The foregoing provision was added to the Georgia Constitution in 1976 in response to the series of United States Supreme Court cases requiring adherence to the "one-person, one-vote" rule, *see, e.g.*, *Baker v. Carr,* 369 U.S. 186 (1962);

*Reynolds v. Sims*, 377 U.S. 533 (1964), and a series of decisions of a three-judge panel of the federal district court, that forced the Georgia Legislature to reapportion both Houses of the Georgia General Assembly, and the State's Congressional Districts. *See e.g., Toombs v. Fortson*, 205 F. Supp. 248 (N.D. Ga. 1962) (General Assembly); *Wesberry v. Sanders*, 376 U.S. 1 (1964) (Congress). It authorizes the General Assembly to change the apportionment of state legislative districts only "***as necessary*** after each United States decennial census." This language contemplates both a requirement of necessity ("as necessary") and provides for the timing of any reapportionment ("after each decennial census"). *See People ex rel. Salazar v. Davidson*, 79 P.3d 1221, 1240 (Colo. 2003) (en banc) (collecting cases) ("we have found no decision by any state's highest court that has interpreted its constitution to allow redistricting more than once per decade.").

Finally, while the State has raised an objection to this Court enforcing Georgia law based on *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984), a violation of Georgia law nevertheless informs this Court's analysis under the United States Constitution of whether SB 386 furthers a **legitimate** interest of the State. Cf. *Armistead v. Pingree*, 629 F. Supp. 273, 278 (M.D. Fla. 1986) ("The fact that compelling compliance with federal law may incidentally require state officials to comply with state law does not bar the Court from

resolving the federal claims."). For example, *Larios* requires that population deviations among districts be supported by "legitimate, consistently-applied state interests." *See Larios*, 300 F. Supp 2d. at 1352. Redistricting interests that run afoul of the Georgia Constitution's requirement that reapportionment occur only when "necessary" certainly cannot qualify as legitimate. Therefore, whether the reapportionment of Senate Districts 46, 47 and 49 by SB 386 was "necessary" is a valid inquiry for this Court in determining the power of the state to alter or amend the *Larios* plan.

This 2nd day of May, 2006.

Respectfully submitted,

/s/ David G.H. Brackett
Emmet J. Bondurant
Georgia Bar No. 066900
David G.H. Brackett
Georgia Bar No. 068353
Jason J. Carter
Georgia Bar No. 141669

BONDURANT, MIXSON & ELMORE, LLP
3900 One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309
Telephone: (404) 881-4100
Facsimile: (404) 881-4111          *Attorneys for Plaintiffs*
Email:     bondurant@bmelaw.com
           brackett@bmelaw.com
           carter@bmelaw.com

134673                                    6

# CERTIFICATE OF SERVICE

I do hereby certify that I have this day electronically filed the foregoing **PLAINTIFFS' BRIEF REGARDING THE STATE'S ABILITY TO MODIFY THE *LARIOS* PLAN** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to opposing counsel as follows:

>Dennis R. Dunn, Esq.
>Department of Law
>State of Georgia
>40 Capitol Square, SW
>Atlanta, Georgia 30334
>E-mail: dennis.dunn@law.state.ga.us

This 2nd day of May 2006.

>/s/ David G.H. Brackett
>David G.H. Brackett