IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JANE KIDD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | NO. 1:06-CV-0997- BBM |
| v. | ) | (Three-Judge Court) |
| | ) | |
| CATHY COX, in her official | ) | |
| capacities as Secretary of State and | ) | |
| Chair of the State Election Board, | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO COURT'S INQUIRY REGARDING GENERAL ASSEMBLY'S ABILITY TO REDISTRICT FOLLOWING THE IMPOSITION OF INTERIM PLANS IN *LARIOS v. COX***

**COMES NOW** Cathy Cox, Secretary of State, Defendant in the above-styled action ("the State Defendant"), by and through Counsel Thurbert E. Baker, Attorney General for the State of Georgia, and responds to the Court's inquiry concerning whether the General Assembly was permitted to make changes to the interim redistricting plans imposed by the three-judge panel in *Larios v. Cox*, 314 F.Supp.2d 1357 (N.D. Ga. 2004) by showing and stating the following:

### I.   **INTRODUCTION**

Plaintiffs in this case have challenged SB 386, which established new districts for Senate Districts 46, 47 and 49; the previous districts were those contained in the interim Senate redistricting plan imposed by a three-judge court in

*Larios v. Cox*, 314 F.Supp.2d 1357 (N.D. Ga. 2004) ("the *Larios* plan"). This Court requested that the State Defendant provide authority demonstrating that the General Assembly had authority to draw new districts after the imposition of the *Larios* plan.

As set forth below, a court-ordered plan is neither intended nor permitted to be permanent but is meant to provide a plan when there no constitutional plan is in place and the legislature is unable to pass such a plan in time for use in the next elections. The *Larios* Court's orders are clear that its plans were interim, pending later legislative action. That action has been taken with the passage of SB 386.

## II. STATEMENT OF FACTS

In *Larios*, a three-judge court considered challenges to the statewide congressional, House and Senate plans passed by the Georgia General Assembly in 2001 and 2002. *See Larios v. Cox,* 300 F. Supp. 2d 1320 (N.D. Ga.), *aff'd,* 542 U.S. 947 (2004). The *Larios* Court rejected the challenges to the Georgia congressional plan but eventually concluded that the House and Senate plans violated the constitutional principle of one-person/one vote and invalidated the State's legislative plans. *Id.* Because no constitutional plans existed for the state Senate and House, the task fell to the *Larios* Court to ensure that constitutional plans were in place in sufficient time for the 2004 election cycle.

The *Larios* Court appropriately provided the General Assembly an opportunity to draw new state legislative plans before undertaking the task itself. However, the General Assembly was not able to pass plans within the required timeframe. *Larios v. Cox*, 306 F.Supp.2d 1212 (N.D. Ga. 2004). Therefore, the court assumed the duty of "draw[ing] *interim* reapportionment plans for use in the upcoming election cycle." *Larios,* 306 F.Supp.2d at 1213 (emphasis in original).

However, the court continued to encourage the General Assembly to adopt its own plans:

> Finally, the court continues to encourage the enactment of reapportionment maps by the General Assembly of Georgia, which is now in session. We are aware that members have been working on and considering such legislation. Nothing in this order or any previous order of this court is intended to prevent or forestall the General Assembly and the Governor from considering and enacting reapportionment plans after March 1, 2004, resolving the issues in this case. Nor should this court's orders be construed in any way as to discourage such a resolution of this matter.

*Larios*, 306 F. Supp. 2d at 1214. In the meantime, the Special Master and his team began preparing plans.

In late March 2004, the *Larios* Court considered the Special Master's initial plans, allowed comments and asked the Special Master to consider those comments. He did so and prepared an amended version of both the House and

Senate plans. Those plans were ultimately adopted by the *Larios* Court as interim plans. *Larios*, 314 F. Supp.2d at 1359.

### III. <u>ARGUMENT AND CITATION OF AUTHORITIES</u>

**UNDER FEDERAL LAW, THE *LARIOS* PLANS WERE INTERIM PLANS TO GOVERN ELECTIONS ONLY UNTIL THE GENERAL ASSEMBLY CHOSE TO REDISTRICT, AS IT DID WITH THE PASSAGE OF SB 386**

The *Larios* Court recognized both the very limited circumstance in which a federal court may impose redistricting plans and the temporary nature of such plans. Quoting *Wise v. Lipscomb,* 437 U.S. 535, 539-40, 98 S.Ct. 2493, 2497 (1978) and *Connor v. Finch,* 431 U.S. 407, 415, 97 S.Ct. 1828, 1834 (1977), the *Larios* Court concluded:

> [T]he reapportionment of legislative bodies is "a legislative task which the federal courts should make every effort not to pre-empt." However, where a federal court has declared an existing apportionment scheme unconstitutional and the legislature, after being afforded a reasonable opportunity, fails to adopt a substitute plan, "it becomes the 'unwelcome obligation' . . . of the federal court to devise and impose a reapportionment plan *pending later legislative action*."

*Larios*, 314 F. Supp.2d at 1356-60 (emphasis added) (citations omitted).

The *Larios* Court's determination that the plans could be imposed only after giving the legislature an opportunity to act and would be in effect only until the legislature devised timely plans of its own is based on unequivocal Supreme Court

4

precedent. Beginning with *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362 (1962), the Supreme Court has been adamant that the duty to reapportion belongs primarily to the States. *Reynolds*, 377 U.S. at 586, 84 S.Ct. at 1394; *Connor v. Finch,* 431 U.S. 407, 414-15, 97 S.Ct. 1828, 1833-34 (1977); *Voinovich v. Quilter*, 507 U.S. 146, 156, 113 S.Ct. 1149, 1157; *Growe v. Emison,* 507 U.S. 25, 34, 113 S.Ct. 1075 (1993); *Upham v. Seamon,* 456 U.S. 37, 41, 102 S.Ct. 1518 (1982); *Chapman v. Meier,* 420 U.S. 1, 27, 95 S.Ct. 751, 766 (1975) ("We say once again what has been said on many occasions: reapportionment is primarily the duty and responsibility of the State through its legislature or other body, rather than of a federal court."). Court-imposed plans should be drawn and implemented only when the state fails to act. *See, e.g., Reynolds*, 377 U.S. at 586, 84 S.Ct. at 1394; *Connor v. Finch,* 431 U.S. at 414-15, 97 S.Ct. at 1833-34 (1977); *Chapman*, 420 U.S. at 27, 95 S.Ct. at 766 (1975).

Due to the deference accorded states in devising their own redistricting plans, court-ordered plans should be, as were the Alabama plans in *Reynolds,* "admittedly provisional in purpose so as not to usurp the primary responsibility for reapportionment which rests with the legislature." *Reynolds*, 377 U.S. at 586, 84 S.Ct. at 1394. *See also Wise v. Lipscomb,* 437 U.S. 535, 539-40, 98 S.Ct. 2493, 2497 (1978); *Connor v. Finch,* 431 U.S. 407, 415, 97 S.Ct. 1828, 1834 (1977); *Burns v. Richardson,* 384 U.S. 73, 85, 86 S.Ct. 1286, 1293 (1966) ("The State

5

remains free to adopt other plans for apportionment, and the present interim plan will remain in effect no longer than is necessary to adopt a permanent plan.").

In *Johnson v. Mortham*, 915 F.Supp. 1529 (N.D.Fla.1995), a Three-Judge Court considered and rejected the argument that a court-ordered Congressional redistricting plan was a permanent one, explaining:

> Constitutionally speaking, a district court is precluded by the twin principles of the separation of powers and federalism from usurping a state legislature's authority to adopt a constitutional redistricting plan. It is clear, in light of the foregoing, that if the *DeGrandy* court designated Plan 308 as the permanent redistricting plan for Florida, then it would violate both of these constitutional principles.

*Johnson*, 915 F.Supp. at 1544-45 (footnote omitted). The *Johnson* Court determined that "the law is clear that a state legislature always has the authority to redistrict or reapportion, subject to constitutional constraints."

Thus, the *Larios* Court correctly concluded that its jurisdiction to make redistricting decisions for the State was very limited and could be asserted only if the State failed to enact constitutional plans in a timely fashion. In imposing plans, the *Larios* Court described those plans as interim and expressly recognized the possibility of later legislative action. *Larios*, 314 F. Supp.2d at 1356-60. That later legislative action occurred with the passage of SB 386.

## CONCLUSION

Federal law recognizes redistricting to be primarily the function of the states; court-ordered plans are imposed only as a last result. When they are imposed, however, they are to be interim plans, as the deference afforded to the states does not end once a court-ordered plan is imposed. The *Larios* Court continued to urge the General Assembly to pass its own plans, and when that court finally imposed plans, it did so specifically on an interim basis. Therefore, the State's enactment of SB 386 was and is an appropriate exercise of the General Assembly's power.

Respectfully submitted,

THURBERT E. BAKER
Attorney General of the State of Georgia
Georgia Bar No. 033887

/s/ Dennis R. Dunn

| | |
|---|---|
| State Law Department | DENNIS R. DUNN |
| 132 State Judicial Building | Deputy Attorney General |
| 40 Capitol Square, S.W | Georgia Bar No. 234098 |
| Atlanta, GA 30334-1300 | dennis.dunn@law.state.ga.us |
| Telephone (404) 656-5614 | |
| Facsimile (404) 657-9932 | |
| dennis.dunn@law.state.ga.us | |

/s/ Anne W. Lewis

| | |
|---|---|
| Strickland Brockington Lewis LLP | ANNE W. LEWIS |
| Midtown Proscenium, Suite 2000 | Special Assistant Attorney General |
| 1170 Peachtree St, NE | Georgia Bar No. 174567 |
| Atlanta, GA 30309 | awl@sbllaw.net |
| Telephone (678) 347-2200 | |
| Facsimile: (678) 347-2210 | |
| **awl@sbllaw.net** | |

## Local Rule 7.1D Certification

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

                                                  /s/ Dennis R. Dunn
                                                  DENNIS R. DUNN

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed the within and foregoing **RESPONSE TO COURT'S INQUIRY REGARDING GENERAL ASSEMBLY'S ABILITY TO REDISTRICT FOLLOWING THE IMPOSITION OF INTERIM PLANS IN *LARIOS v. COX*** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification or otherwise:

>Emmet J. Bondurant, Esq.
>David G.H. Brackett
>Jason J. Carter
>Bondurant, Mixson & Elmore, LLP
>3900 One Atlantic Center
>1201 West Peachtree Street
>Atlanta, GA 30309

This 2nd day of May, 2006.

>/s/ Dennis R. Dunn
>DENNIS R. DUNN
>Deputy Attorney General
>Georgia Bar No. 234098
>dennis.dunn@law.state.ga.us